JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSMC 2006-C5 NORTH AZUSA AVENUE, LLC, a Delaware limited liability company, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>EASTLAND TOWER PARTERNSHIP, a California limited partnership; et al.,<br><br>　　　　　Defendants. | CASE NO.  CV 15-3382-R<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

　　　Before the Court is Plaintiffs' Motion to Remand, which was filed on June 3, 2015.  (Dkt. No. 10).  Having been thoroughly briefed by both Parties, this Court took the matter under submission on July 1, 2015.  (Dkt. No. 18).

　　　This case revolves around the alleged default by Defendants on two loans owned by Plaintiffs.  The two loans are secured by an office building and a shopping center in West Covina, California ("Subject Properties"). (Dkt. No. 1, Ex. 2).

　　　There are two grounds for federal subject matter jurisdiction: (1) federal question

jurisdiction under Title 28 U.S.C. § 1331; and (2) diversity jurisdiction under Title 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1331.

A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Title 28 U.S.C. § 1332 (a)(1)-(2).

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. Title 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id.* Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*

Every state possesses exclusive jurisdiction and sovereignty over property within its own territory. *Pennoyer v. Neff*, 95 U.S. 714, 24 L. Ed. 565 (1877). As a consequence, every state has the power to regulate the manner and conditions upon which property situated within such territory may be acquired and transferred. *Id.*

Property cannot be subject to two jurisdictions at the same time. *See Kline* v. *Burke Const. Co.*, 260 U.S. 226, 229 (1922). Therefore, where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction. *Id.* This is not merely a discretionary abstention, but a mandatory jurisdictional limitation on the Federal Courts. *See State Eng'r of State of Nevada v. South Fork Band of Te-Moak Tribe,* 339 F.3d 804, 809-810 (9th Cir. 2003).

The Subject Properties are situated exclusively within California. (Dkt. No 1). This lawsuit was commenced in California State Court, where jurisdiction over this case and the Subject Properties was first exercised. (Dkt. No. 1, Ex. 2-4). Because the California State Court has already exercised jurisdiction, this Federal Court lacks subject matter jurisdiction.

//////

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is GRANTED. (Dkt. No. 10).

Dated: July 9, 2015.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE